UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.                                                               Case No. 3:23-cr-108-MCR-HTC

JERMAINE ALEXANDER DAWSEY
_____/

ORDER OF DETENTION

On December 20, 2023 the Court held a hearing on the government's oral motion for detention pursuant to the Bail Reform Act of 1984, as amended, 18 U.S.C. § 3141, *et seq*. Based upon the information contained in the pretrial services report, the evidence presented at the hearing, and the arguments of counsel, the Court finds Defendant shall be detained pending trial because there are no conditions or combination of conditions which will reasonably assure Defendant will not be a risk of non-appearance or a danger to the safety of the community if released.

I.  **The Bail Reform Act**

The Bail Reform Act of 1984 provides a framework for determining whether pretrial detention is appropriate. *See* 18 U.S.C. § 3142. Under the Act, a court must order a defendant be detained if, after hearing, it finds that "no condition or combination of conditions will reasonably assure [the defendant's] appearance … and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1); *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988). A finding of risk of flight

must be supported by a preponderance of the evidence, while a finding of danger must be supported by clear and convincing evidence. *See United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990).

"Clear and convincing evidence" entails more than a preponderance of the evidence, but less than evidence establishing a fact beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 423-25 (1979); *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (clear and convincing evidence is evidence which induces "an abiding conviction that the truth of its factual contentions are 'highly probable'"). "To find danger to the community under this standard of proof requires that the evidence support such a conclusion with a high degree of certainty." *Chimurenga*, 760 F.2d at 405. Additionally, "danger to the community" does not refer to simply risk of physical violence; instead, it includes a danger that the defendant might engage in criminal activity that is a detriment to the community. *See United States v. Ingram*, 415 F. Supp. 3d 1072, 1077 (N.D. Fla. 2019) (collecting cases). Danger to the community, thus, includes "the harm to society caused by narcotic trafficking." *Id.*

Although the burden of proof generally falls on the government, when probable cause is established in certain cases, a rebuttable presumption of detention arises that no such conditions exist. 18 U.S.C. § 3142(e)(3). Those cases are identified in 3142(e)(3) and include an offense "for which a maximum term of

imprisonment of ten years or more is prescribed in the Controlled Substances Act." *Id.* In a rebuttable presumption case, the defendant bears the burden of production – that is the burden of producing evidence to rebut the presumption. *See e.g., United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). While the burden is not a heavy one, even if it is met, the presumption nonetheless remains a factor for the court to consider. *See United States v. Stricklin*, 932 F.2d 1354, 1355 (10th Cir. 1991). Also, even in a rebuttable presumption case the burden of persuasion remains with the government. *See id.* at 1354-55; *Mercedes*, 254 F. 3d at 436.

This is a rebuttable presumption case because Defendant is charged with a felony drug offense, which carries a minimum term of imprisonment of more than 10 years. "The rebuttable presumption in 18 U.S.C. § 3142(e) exists to advance Congress's belief that those charged with serious drug crimes are necessarily a danger to the community and should be detained to protect the public, absent a showing by the defendant that he is not a danger to the community." *United States v. Kidd*, 2013 WL 142317, at *3 (N.D. Ga. Jan. 11, 2013).

To determine whether a defendant should be released on conditions or detained, courts consider the following factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, (2) the

weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). Although § 3142(g) identifies the factors the courts should consider, it says nothing about the relative weight a court should give them when deciding whether to release or detain a defendant. *See generally* 18 U.S.C. § 3142(g). Instead, the weight given to each factor will inevitably vary from case to case and might even vary depending on whether the inquiry relates to a defendant's danger or to his risk of flight. *United States v. Zhang*, 55 F.4th 141, 150 (2d Cir. 2022). The judicial officer is given "substantial latitude in determining whether pretrial detention is appropriate." *King*, 849 F.2d at 487.

## II. Analysis

Considering the § 3142(g) factors, and for the reasons discussed below, the Court finds there are no conditions or combination of conditions that could be imposed which would reasonably assure the Court Defendant will not be a risk of non-appearance or a danger to the community.

### A. Nature and Circumstances of the Offense Charged.

When considering the nature and circumstances of the offense, the court considers "whether the offense is a crime of violence, a violation of section 1591, a

Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1).

Here, Defendant has been indicted by the grand jury of the following felony offenses: Count 1 charges Defendant with conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamines and 40 grams or more of fentanyl, which carries a penalty that includes a minimum mandatory term of 10 years' incarceration to a maximum term of life and Count 2 charges Defendant with possession of a firearm by a convicted felon, which carries with it a minimum mandatory term of 15 years of imprisonment.

The possession, use, and distribution of illegal drugs represent "one of the greatest problems affecting the health and welfare of our population." *Treasury Employees v. Von Raab*, 489 U.S. 656, 668 (1989). Drug distribution causes "grave harm to society." *Harmelin v. Michigan*, 501 U.S. 957, 1002 (1991) (Kennedy, J., concurring in part). A "seller of addictive drugs may inflict greater bodily harm upon members of society than the person who commits a single assault." *Rummel v. Estelle*, 445 U.S. 263, 296 n.12 (1980) (Powell, J., dissenting). This is particularly true when the drug at issue is fentanyl. *See United States v. Brown*, 538 F. Supp. 3d 154, 170 (D.C. 2021) (Lamberth, J.) ("Fentanyl, a synthetic opioid, is 50 to 100 times more potent than morphine and 50 times more potent than heroin ... Given that those who use fentanyl ... risk serious bodily injury or death, the danger posed to the

[community] by [the defendant's] pre-trial release would be great." (internal quotations omitted)).

The Court finds the nature and circumstances of the offenses charged weigh in favor of detention.

B. Weight of the Evidence.

This factor requires the district court to consider evidence proffered by the government which it intends to use at Defendant's trial. In considering the weight of the evidence, the court considers both the weight of the evidence of dangerousness and the government's underlying case against the defendant. *United States v. Berkun*, 392 F. App'x 901, 903 (2d Cir. 2010); *United States v. Norris*, 188 F. App'x 822, 830 (11th Cir. 2006). "While it is true that the Court's determination of this factor 'neither requires nor permits a pretrial determination of guilt,' the Court can still weigh the evidence and determine whether it proves that the defendant poses a risk to others and/or is at risk of flight." *United States v. Slatten,* 286 F. Supp. 3d 61, 67–68 (D.D.C. 2017) (internal citations omitted), *aff'd,* 712 F. App'x 15 (D.C. Cir. 2018); *United States v. Pirk,* 220 F. Supp. 3d 402, 410 (W.D.N.Y. 2016).

The weight of the evidence is a common-sense consideration. For instance, if the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk defendant will flee to avoid future court proceedings and may indicate the defendant is a present danger to

himself or the community if the government's allegations later prove to be true. Alternatively, if the only evidence against a defendant is circumstantial, contradicted, or unreliable, the defendant has less reason to duck court proceedings in the interest of proving his innocence and that evidence does not support viewing the defendant as a risk to the safety of the community. As such, the weight of the evidence against Defendant will be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate. *United States v. Blackson*, 2023 WL 1778194, at *10 (D.D.C. Feb. 6, 2023).

At the hearing, the government proffered the following evidence (which was also contained in the bond report):

On June 29, 2023, law enforcement conducted 2 search warrants on residences that belonged to or were utilized by Defendant. As part of those searches, law enforcement seized 400 grams of methamphetamine and 160 grams of fentanyl, as well as drug paraphernalia and over $20,000 in cash stored in separate envelopes. In addition to those items, law enforcement also seized firearms and ammunition, including two semi-automatic pistols, one that had been stolen, a semi-automatic rifle, and a magazine containing numerous rounds of ammunition. Additionally, a cell phone was seized which law enforcement believes belonged to Defendant and which contained communications regarding drug activity. The Court finds the

evidence proffered by the government to be strong and to weigh in favor of detention.

      C. <u>The History and Characteristics of the Defendant</u>.

In considering the history and characteristics of a defendant, the court considers such matters as the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. 18 U.S.C. § 3142(g). As discussed below, this Defendant's history and characteristics clearly weigh in favor of detention.

Defendant is 36 years old, has been employed only in the last 6 months, and has 6 kids, none of whom live with him and none of whom he has parental custody over. Defendant's residence is unclear. While he reported living with his mother, his mother reported that he has no current address and lives here and there.

Defendant's criminal history is a mile long. Based on the bond report, it appears Defendant has been in and out of prison for the last 16 years of his life. His crimes include several serious domestic violence charges, including felony battery by strangulation as well as several drug offenses and resisting arrest. Defendant has also squandered every opportunity he had to stay out of jail by violating his probation

numerous times and has also failed to appear for his court appearances on at least two prior occasions.

Defendant's history includes the following: In 2008 Defendant was convicted of battery-domestic violence, given 12 months' probation and violated that probation by committing a new crime. That new crime was selling drugs within 100 feet of a church. He was given 3 years' probation and once again violated that probation by committing a new crime. That new crime was for trespassing, a charge for which Defendant initially failed to appear. Defendant was charged with another trespass less than a year later. In 2011, Defendant was convicted of possession of marijuana, his second drug charge, once again given probation, and once again violated with a new law violation – driving while license suspended. Defendant got a second driving while license suspended conviction in 2012, and violated the probation for that charge as well.

In 2014, Defendant's criminal conduct escalated to aggravated assault with a deadly weapon, resisting arrest, and possession of a firearm by a convicted felon. That offense involved Defendant pointing and cocking a firearm at a female victim and threatening to shoot her. Defendant was incarcerated for those offenses until April 2017, and within four months of release, was convicted of driving while license suspended as a habitual offender, another charge for which he failed to appear. Nonetheless, he got probation and violated that probation with a new law

violation. In 2019, Defendant was convicted for felony battery, another domestic violence offense in which Defendant grabbed the victim, threw her into a wall and on the floor, and tried to choke her. He was incarcerated for this offense and released from prison in September 2021. The offenses which bring the Defendant to this Court occurred less than 2 years later.

The Court easily finds the Defendant's history and characteristics weigh in favor of detention.

### D. The Nature and Seriousness of the Danger Posed by Release.

In determining whether detention is necessary, a court "makes a judgment about the persuasiveness of the evidence offered by each party[.]" *United States v. Clum*, 492 F. App'x 81, 85 (11th Cir. 2012) (citation omitted). While Defendant argues there are conditions which can be imposed, such as GPS monitoring and home detention or incarceration, the Court finds such conditions to be unconvincing under there circumstances.

First, as discussed above, Defendant has a history of turning his nose to the terms or conditions imposed on him by a Court. If being sentenced to probation did not keep Defendant from committing new crimes, including new violent crimes, it is unlikely Defendant will be motivated to follow any conditions this Court imposes on him. As one court noted, "there is virtually nothing that any person could do to prevent Defendant from engaging in drug trafficking if that is what []he set [his]

mind to doing. It is not only possible for Defendant to continue to engage in the continued sale of narcotics from [his] home, it also is very probable." *United States v. Carter*, 2015 WL 541554, at *4 (M.D. Ga. Feb. 10, 2015); *see also United States v. Williams*, 2016 WL 2770883, at *3 (S.D. Ala. May 13, 2016) ("While defense counsel argued that electronic monitoring would adequately address the danger issue, the undersigned finds that such would not prevent Defendant's involvement with criminal activity if he were so inclined."). Indeed, as the government proffered, there is evidence Defendant continued to engage in drug activity since the state search warrants were executed and since he has been out on bond with the State.[1]

Second, Defendant wants to live with his mother and stepfather, but as stated above, may not have been honest regarding whether his mother's address is also his current address. Regardless, there is no indication that even if Defendant were to live with his mother he would not continue to engage in drug trafficking or other criminal activity.

The Court finds that GPS monitoring would also not keep Defendant from fleeing to another district. Motivated persons are certainly known to cut off their monitors. *See United States v. Benevolence Int'l Found., Inc.*, 222 F. Supp. 2d 1005, 1007, (N.D. Ill. 2002) (noting that neither electronic monitoring nor the GPS system

---

[1] Defendant argued he has not violated his bond, but also noted Okaloosa County's only bond requirement is that he report to the probation office every Monday.

3:23-cr-108-MCR-HTC

of surveillance defeats the resolute, resourceful, energetic, and non-compliant releasee). And given the significant mandatory sentences Defendant is facing, Defendant has a strong motive to flee.[2] *United States v. Iverson,* 2014 WL 5819815, at *4 (W.D.N.Y. Nov. 10, 2014) (Arcara, J.) ("When evidence of a defendant's guilt is strong, and when the sentence of imprisonment upon conviction is likely to be long ... a defendant has stronger motives to flee.") (internal citation omitted); *see e.g., United States v. Bruno*, 89 F. Supp. 3d 425, 431 (E.D.N.Y. 2015); *United States v. English*, 629 F.3d 311, 321-22 (2d Cir. 2011) (affirming detention in part because the defendant faced a presumption against release and a mandatory sentence that incentivized fleeing); *United States v. Dodge*, 846 F. Supp. 181, 184-85 (D. Conn. 1994) (possibility of a "severe sentence" heightens the risk of flight).

Relying on cases outside this circuit, Defendant argues "any" evidence is sufficient to rebut the presumption in favor of detention for significant controlled substance offenses. This Court finds, however, Defendant has failed to produce any evidence to rebut the presumption. The circumstances here are clearly different from those before the Court in *United States v. Dominguez*, 788 F.2d 702, 707 (7th Cir. 1986), where neither defendant had "any criminal record" in the United States, were employed, and were married. As the court stated, "*this evidence* of economic and

---

[2] The government also proffered that because they believe Defendant is an Armed Career Criminal, 18 U.S.C. § 924(e), he may be looking at up to 360 months as his guideline range.

3:23-cr-108-MCR-HTC

social stability, coupled with the absence of any relevant criminal record, at least suggests defendants would be less likely to continue to engage in criminal activity while on pretrial release." *Id.* (emphasis added).  The Court cannot make that statement about this Defendant.  Thus, when the court in *Dominguez* stated "the burden of production is not a heavy one to meet," it certainly did not mean Defendant had no burden or that Defendant's burden could, as Defendant argues, be met with "any" evidence.[3]

Given this Defendant's significant criminal history, history of probation violations, history of failures to appear, lack of a stable residence or family ties, lack of significant employment, and the amount of drugs, guns and ammunition that were seized by the government, the Court finds there are no conditions or combination of conditions which the Court could impose that would reasonably assure the Court this Defendant will not be a risk of flight or danger to the community if he is released.

Accordingly, the Court **ORDERS** that Defendant be held in the custody of the Attorney General or his designated representative pending trial in this matter. The Attorney General or his designated representative shall, to the extent practicable, confine Defendant separate from persons awaiting or serving sentences

---

[3] The only evidence presented or proffered by Defendant was a one-paragraph letter from his mother asking for him to be released because "everyone makes mistakes in their life," and deserves a second chance.  This Defendant has had more than a second chance.  The letter also states that Defendant is trying to better himself for his kids, but the Court notes that, according to Probation, none of Defendant's six kids live with him and he has no parental custody over any of the kids.

or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult with counsel in private while in custody. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 20th  day of December, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**